**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

MARTIN DIGGS,

                      Plaintiff,

     v.                                      9:17-CV-736
                                             (BKS/DJS)

GLENN S. GOORD, *et al*,

                      Defendants.

---

**APPEARANCES:**                                 **OF COUNSEL:**

MARTIN DIGGS
04-A-6734
Plaintiff, *Pro Se*
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562

HON. LETITIA JAMES                      LYNN M. KNAPP BLAKE, ESQ.
New York State Attorney General         Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

     Plaintiff, an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), brings this *pro se* action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his rights while he was

incarcerated at Clinton Correctional Facility. Dkt. No. 1, Compl. Presently pending is Defendants' Motion for Partial Summary Judgment on behalf of Defendants Annucci and Soucia. Dkt. No. 55. Plaintiff opposes the Motion, though only in part. Dkt. No. 57. For the reasons which follow, Defendants' Motion is granted.

## I. FACTUAL BACKGROUND

On July 16, 2014, Plaintiff was incarcerated at Clinton Correctional Facility. *See generally* Compl. At approximately 5:40 p.m. that day, he was involved in a use of force incident involving staff at Clinton. *Id.* at ¶ 30.[1] Plaintiff alleges that the use of force took place following a disagreement between Plaintiff and facility staff regarding procedures involving a metal detector at the facility. *Id.* at ¶ 31. Generally stated, Plaintiff alleges that as a result of a metal rod and screws in his leg, he had a medical pass for Clinton Correctional Facility which precluded him from going through metal detectors at that facility. *Id.* at ¶¶ 33 & 35-38.

Immediately after the use of force, at approximately 6:00 p.m., Plaintiff was taken to the facility emergency room where he was seen by Defendant Soucia, a nurse employed by DOCCS. Dkt. No. 55-5, Declaration of Deidrie Soucia ("Soucia Decl."), ¶¶ 3 & 8. While there, Plaintiff was examined by Soucia, given pain medication, and then admitted to the facility infirmary. *Id.* at ¶¶ 10, 18, & 21; Dkt. No. 57-2, Pl.'s 7.1 Statement at ¶ 13.

---

[1] The Defendants named in this action related to that incident have not sought summary judgment.

## II. LEGAL STANDARD FOR SUMMARY JUDGMENT

Pursuant to FED. R. CIV. P. 56(a), summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with [ ] affidavits, if any," that there is no genuine issue of material fact. *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

To defeat a motion for summary judgment, the non-movant must set out specific facts showing that there is a genuine issue for trial and cannot rest merely on allegations or denials of the facts submitted by the movant. FED. R. CIV. P. 56(c); *see also Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525-26 (2d Cir. 1994). To that end, sworn statements are "more than mere conclusory allegations subject to disregard . . . they are specific and detailed allegations of fact, made under penalty of perjury, and should be treated as evidence in deciding a summary judgment motion" and the credibility of such statements is better left to a trier of fact. *Scott v. Coughlin,* 344 F.3d at 289 (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) and *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995)).

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. *Nora Beverages, Inc. v. Perrier Group of Am., Inc*., 164 F.3d 736, 742 (2d Cir. 1998). "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994). Furthermore, where a party is proceeding *pro se*, the court must "read [his or her] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994); *see also Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995). Nonetheless, summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986).

### III. ANALYSIS OF DEFENDANTS' MOTION

While a number of Defendants remain in this action following the Court's initial review of the Complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), Dkt. No. 6, only two of those Defendants - Annucci and Soucia - seek summary judgment here. The allegations against Annucci involve claims for injunctive relief under the Americans with Disabilities Act and Rehabilitation Act regarding policies at Clinton Correctional

4

Facility. Plaintiff's claim against Defendant Soucia alleges that she was deliberately indifferent to Plaintiff's medical needs in violation of the Eighth Amendment.

## A. Americans with Disabilities Act and Rehabilitation Act Claims

As noted above, the District Court permitted claims for injunctive relief under the ADA and Rehabilitation Act to proceed against Defendant Annucci. Dkt No. 6 at pp. 8-9. That claim concerns certain policies regarding metal detectors in place at Clinton Correctional Facility as they relate to a medical pass Plaintiff had disclosing metal in his leg and/or hip. Dkt. No. 55-2, Pl.'s Dep. at pp. 65-66. Plaintiff is no longer housed at Clinton Correctional Facility and in his response to the pending Motion he specifically "withdraws his ADA and RA claim against defendant Annucci." Dkt. No. 57, Pl.'s Aff. at ¶ 3. He then does not address those claims any further in his papers. In light of Plaintiff's statement and the fact that he is not presently housed at Clinton Correctional Facility, the Court grants Defendant Annucci's Motion for Summary Judgment on the ground that this claim is moot. *Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006) ("an inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief against officials of that facility."); C*rosby v. O'Connell*, 2010 WL 3909714, at *3 (N.D.N.Y. Sept. 30, 2010); *Parkinson v. Goord*, 116 F. Supp. 2d 390, 398 (W.D.N.Y. 2000) ("It is settled in this circuit that a transfer from a prison facility moots an action for injunctive relief against the transferring facility.").

### B. Medical Indifference Claim

Plaintiff alleges that Defendant Soucia was indifferent to his medical needs when he was seen by her in the emergency room at Clinton Correctional Facility in July 2014. Compl. at ¶ 71. For the reasons set forth below, the Court recommends granting Defendant's Motion.

To state an Eighth Amendment claim for denial of adequate medical care, a prisoner must demonstrate that prison officials acted with "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "[T]he plaintiff must allege conduct that is 'repugnant to the conscience of mankind' or 'incompatible with the evolving standards of decency that mark the progress of a maturing society.'" *Ross v. Kelly*, 784 F. Supp. 35, 44 (W.D.N.Y. 1992) (quoting *Estelle v. Gamble*, 429 U.S. at 102, 105-06). To state a claim for denial of medical care, a prisoner must demonstrate (1) a serious medical condition and (2) deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 834-35 (1994); *Hathaway v. Coughlin* ("*Hathaway I*"), 37 F.3d 63, 66 (2d Cir. 1994).

The first prong is an objective standard and considers whether the medical condition is "sufficiently serious." *Farmer v. Brennan*, 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). The Second Circuit has stated that a medical need is serious if it presents "a condition of urgency that may result in degeneration or extreme pain." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (internal

quotation marks and citation omitted). Among the relevant factors to consider are "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Id.* (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992)).

The second prong of the Eighth Amendment analysis is a subjective standard requiring a plaintiff to demonstrate that the defendant acted with the requisite culpable mental state similar to that of criminal recklessness. *Wilson v. Seiter*, 501 U.S. at 301-03; *Hathaway I*, 37 F.3d at 66. A plaintiff must demonstrate that the defendant acted with reckless disregard to a known substantial risk of harm. *Farmer v. Brennan*, 511 U.S. at 836. In order to rise to the level of deliberate indifference, the defendant must have known of and disregarded an excessive risk to the inmate's health or safety. *Wright v. Genovese*, 694 F. Supp. 2d 137, 154 (N.D.N.Y. 2010) (citing *Chance v. Armstrong*, 143 F.3d at 702). The defendant must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he or she must draw that inference. *Chance v. Armstrong*, 143 F.3d at 702 (quoting *Farmer v. Brennan*, 511 U.S. at 837).

Following the use of force incident at Clinton, Plaintiff was brought to the facility emergency room for an examination which was conducted by Defendant Soucia. Soucia Decl. at ¶ 8. Many of the facts regarding that examination are not disputed. Defendant

7

Soucia took Plaintiff's vital signs which were all stable. *Id.* at ¶¶ 14-15. Defendant contacted the on-call doctor to consult regarding Plaintiff. *Id.* at ¶ 16. The on-call doctor directed that Plaintiff be admitted to the facility infirmary for pain control and further follow-up. *Id.* at ¶ 17. The doctor provided instructions that Plaintiff be given Percocet, a pain medication, every six hours as needed. *Id.* at ¶ 19. The doctor also instructed that Plaintiff be monitored for signs of respiratory distress. *Id.* at ¶ 20. Plaintiff was then transferred to the facility infirmary after which Defendant had no continuing role in his care. *Id.* at ¶¶ 21-22. Plaintiff admits to all of these facts. Pl.'s 7.1 Statement at ¶ 13.

Far from establishing deliberate indifference, these undisputed facts show that Defendant attended to Plaintiff's medical needs. Even assuming, for purposes of this Motion, that Plaintiff's injuries satisfy the objective prong of the Eighth Amendment test, there is no dispute as to material facts regarding the subjective prong. To satisfy this prong Plaintiff must establish that Defendant knew of and disregarded an excessive risk to Plaintiff's health. *Crosby v. O'Connell*, 2010 WL 3909714, at *2 (citing cases). The facts to which Plaintiff admits clearly demonstrate that contrary to disregarding Plaintiff's health and welfare Defendant was aware of and responsive to Plaintiff's needs. She conducted an examination of Plaintiff, noted visible injuries and Plaintiff's complaint of pain when touched on the ribs and spine. Soucia Decl. at ¶¶ 10-11 & 13 & Ex. B. She consulted with a medical doctor and following that consultation Plaintiff

received pain medication and was admitted to the facility infirmary. *Id.* at ¶¶ 16-17 & 19. Such conduct does not demonstrate a reckless disregard for Plaintiff's health. On the contrary "[t]he record is replete with evidence that [Defendant] responded, evaluated, and treated [Plaintiff], contradicting any claims of deliberate indifference." *Solar v. Lennox*, 2012 WL 3929936, at *19 (N.D.N.Y. July 16, 2012), *report and recommendation adopted*, 2012 WL 3929958 (N.D.N.Y. Sept. 10, 2012); *see also Robinson v. Taylor*, 2019 WL 1429529, at *5 (N.D.N.Y. Mar. 29, 2019) (no deliberate indifference when pain medication was provided and inmate was admitted to facility infirmary for further observation after use of force incident); *Messa v. LeClaire*, 2007 WL 2292975, at *5 (N.D.N.Y. Feb. 26, 2007), *report and recommendation adopted*, 2007 WL 2288106 (N.D.N.Y. Aug. 6, 2007) (similar).

Plaintiff's contention that disputed facts require a trial focuses largely on conclusory and unsupported allegations that Defendant ignored his injuries or that she was part of a cover-up regarding the use of force incident. Dkt. No. 57-1 at pp. 4-6. Plaintiff disputes, for example, Defendant's notation that his primary complaints of pain were his left ribs and spine. Pl.'s 7.1 Statement at ¶ 10. He claims instead that Defendant "ignored Plaintiff's complaints of hits to the head, face and thighs." Pl.'s Aff. at ¶ 2. He further claims that he made complaints of pain "all over his body, including, his head, face, shoulders, neck, ribs, spine, things, and legs." Pl.'s 7.1 Statement at ¶ 22. The record demonstrates, however, that while noting Plaintiff's "chief complaints" were

rib and spine pain, Soucia Decl. at ¶ 9, Defendant specifically noted redness on Plaintiff's shoulder, neck, and eye. *Id.* at ¶ 11. And while she did not see any injuries to Plaintiff's ribs or spine, she made specific note of Plaintiff's pain when touched in those areas. *Id.* at ¶ 13. The substance of Plaintiff's position, therefore, appears to relate to what information was recorded by Defendant rather than that she ignored other complaints of pain since the record establishes otherwise. It makes little sense that Soucia, if she wished to ignore Plaintiff's injuries, would do so by not including them among Plaintiff's "chief complaints," but nonetheless document them in the medical record in the way that she did. Soucia Decl. at Exs. A& B. This allegation falls well short of establishing deliberate indifference. *See Abreu v. Farley*, 2019 WL 1230778, at *13 (W.D.N.Y. Mar. 15, 2019) (conclusory allegations of deliberate indifference insufficient to withstand summary judgment when contradicted by medical record).

### IV. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendants' Motion for Summary Judgment (Dkt. No. 55) be **GRANTED**; and it is further

**RECOMMENDED**, that Annucci and Soucia be dismissed as Defendants in this action; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: April 9, 2019
      Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge