UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARTIN DIGGS,

                                  Plaintiff,                      9:17-cv-0736 (BKS/DJS)

v.

GLENN S. GOORD, et al.,

                                  Defendants.
_____

**Appearances:**

*Plaintiff pro se*
Martin Diggs
04-A-6734
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562

*For Defendants:*
Lynn M. Knapp Blake, Esq.
New York State Attorney General's Office
The Capitol
Albany, NY 12224

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

Plaintiff pro se Martin Diggs brought this action under 18 U.S.C. § 1983 against several defendants for alleged violations of Plaintiff's constitutional rights while he was incarcerated at Clinton Correctional Facility. (Dkt. No. 1). On December 14, 2018, two of the defendants, Anthony Annucci and Nurse Soucia,[1] filed a motion for summary judgment. (Dkt. No. 55).

---

[1] Soucia's name was misspelled as "Souin" in the Complaint. (Dkt. No. 1). Both parties have referred to her as Soucia and the Court will do so as well.

Plaintiff filed a response withdrawing his claims against Defendant Annucci, and opposing the motion for summary judgment as to Soucia. (Dkt. No. 57). This matter was referred to United States Magistrate Judge Daniel J. Stewart who, on April 9, 2019, issued a Report-Recommendation recommending that the Defendants' motion for summary judgment be granted and that Defendants Annucci and Soucia be dismissed from this action. (Dkt. No. 59).

Plaintiff has filed an objection to the Report-Recommendation. (Dkt. No. 60). For the reasons set forth below, the Report-Recommendation is adopted in its entirety.

**II.     STANDARD OF REVIEW**

This court reviews *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [report-recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (internal quotation marks omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). "[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06-CV-13320, 2011 WL 3809920 at *2, 2011 U.S. Dist. LEXIS 95351, at *4 (S.D.N.Y. Aug. 25, 2011) (citation omitted). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id*. To the extent a party makes "merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments" in the original submission, the Court will only review for clear error. *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

2

## III. DISCUSSION

Magistrate Judge Stewart recommended that Plaintiff's medical indifference claim against Nurse Soucia be dismissed because, even assuming that Plaintiff had a serious medical condition, he failed to raise a material issue of fact as to Soucia' deliberate indifference. (Dkt. No. 59, at 8). As Magistrate Judge Stewart noted, "the undisputed facts show that Defendant attended to Plaintiff's medical needs": after taking Plaintiff's vital signs and evaluating his injuries,[2] she consulted with an on-call doctor; obtained an order of Percocet for Plaintiff's pain; and admitted Plaintiff to the infirmary. Noting that Plaintiff's claim "appears to relate to what information was recorded by Defendant rather than that she ignored other complaints of pain," Magistrate Stewart concluded that this "falls well short of establishing deliberate indifference." (*Id.*, at 10).

Plaintiff objects to the Report-Recommendation, arguing that Soucia was deliberately indifferent because she failed to document his complaints of injuries to his left eye and lower back before transferring him to the infirmary. (Dkt. No. 60). Having reviewed his objection de novo, the Court finds that it is without merit for the reasons stated in the Report-Recommendation.

## IV. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Magistrate Judge Stewart's Report-Recommendation (Dkt. No. 59) is **ADOPTED** in all respects; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 55) is **GRANTED**; and it is further

---

[2] Soucia's inmate injury report and progress notes document redness on Plaintiff's left shoulder, left neck, and the outer corner of his left eye, and document his complaints of pain to his left ribs and spine. (Dkt. Nos. 55-6, 55-7).

3

**ORDERED** that Defendants Annucci and Soucia are **DISMISSED** as defendants in this action; and it is further

**ORDERED** that Plaintiff's motion for summary judgment (Dkt. No. 61) is stricken from the record as untimely since the motion filing deadline expired on December 14, 2018; and it is further

**ORDERED** that this case is deemed trial ready and Plaintiff shall notify the Court within fourteen days of the date of this Order whether he seeks to have counsel appointed for trial; and it is further

**ORDERED** that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Brenda K. Sannes
U.S. District Judge

Dated: June 3, 2019
Syracuse, New York