UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MARTIN DIGGS, 04 A 6734,

*Plaintiff,*

-against-

GLENN GOORD, et al.,

*Defendants.*

---

17-cv-00736

(BKS/DJS)

**PLAINTIFF'S MOTIONS IN LIMINE**

Dated: October 4, 2021
Binghamton, NY

Thomas H. Bouman, Esq.
COUGHLIN & GERHART, L.L.P.
*Attorneys for Plaintiffs*
P.O. Box 2039
Binghamton, NY 13902-2039
Tel.: 607-723-9511

Plaintiff respectfully refers this Honorable Court to Plaintiff's Pre-Trial Brief for a complete statement of facts.

### A. Preclusion of Criminal and Disciplinary Record and Unrelated Medical Information

Defendants will seek to introduce evidence of Plaintiff's criminal record and prior convictions. Similarly, Defendants may seek to offer into evidence information from Plaintiff's unrelated disciplinary matters. Plaintiff is an incarcerated felon convicted of attempted murder of a New York City police officer during a violent struggle. A description of the event is amongst Defendants' disclosures at DEF000226. This event was also the subject of a civil suit that was dismissed on summary judgment in 2005. Plaintiff's sentence began in 2003. The Federal Rules of Evidence permit the impeachment of a witness by prior convictions punishable in excess of one year. See Fed. R. Evid. 609(a). However, if more than ten years have passed since the conviction, the evidence is only admissible "if the court determines that the probative value substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b). The following factors are considered in determining the balance between probative value and prejudicial effect: (1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness.

Fed. R. Evid. 402 excludes irrelevant evidence. Fed. R. Evid. 403 is a balancing test that operates to preclude evidence, the probative value of which would be substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, and other pitfalls. Fed. R. Evid. 404(b) operates to exclude improper character or propensity evidence.

In Holloway v. Mitchell-Oddey, 488 F. Supp. 2d 239, 240 (N.D.N.Y. 2007), a 1983 action in which an inmate alleged that corrections officers used excessive force against him, the court ruled that evidence of the inmate's disciplinary history and prior criminal convictions should be precluded under Fed. R. Evid. 404(b) as inadmissible propensity evidence. Id. The court also held that such evidence would be highly prejudicial to the plaintiff under Fed. R. Evid. 403, in that the prior conviction involved a factually similar circumstance to the allegations at bar, and would therefore stand to unfairly prejudice the plaintiff while providing very limited probative value. Id.

See also Harvey v. Farber, No. 9:09-CV-152 MAD/TWD, 2013 WL 773683, at *2 (N.D.N.Y. Feb. 28, 2013), in which an inmate pursing 1983 claims against corrections officers successfully moved the court to preclude evidence of prior felony convictions. The court provides an explication of how the Fed. R. Evid. 609(b) factors are weighed. Id. Not all felonies are equally probative for impeachment purposes. Id. The probative value of a conviction decreases over time.

Id. As to the similarity factor, the more similar the crime of conviction is to the actions alleged in the pending case, the likelier it is to cause unfair prejudice in the form of propensity evidence. Id.

Respectfully submitted, Fed. R. Evid. 609(a) requires preclusion. As in Harvey v. Farber, Plaintiff's conviction is of relatively low probative value in an unrelated civil action 18 years later, particularly where the conviction did not relate to truthfulness or dishonesty. Crucially, the admission of Mr. Diggs's criminal record will almost certainly create a high degree of unfair prejudice in the minds of the jurors that cannot be substantially outweighed by any probative value. This is because his underlying conviction is factually similar to the allegations in the instant matter, in that both involve violent encounters with law enforcement.

As in Holloway v. Mitchell-Oddey, such evidence would also run afoul of Fed. R. Evid. 404(b). Plaintiff's criminal and disciplinary record is also irrelevant to this civil matter, Fed. R. Evid. 402, and stands a good chance of producing unfair prejudice to Plaintiff, confusing the issues, and misleading the jury, Fed. R. Evid. 403.

Nonparty witness Cal Williams is currently incarcerated at Clinton Correctional Facility. He was incarcerated in 2007, and his crimes of conviction include robbery and grand larceny. On information and belief, none of his crimes of

conviction involved dishonesty. For the reasons outlined above, Mr. Williams's criminal and disciplinary records should also be precluded.

In Plaintiff's medical records, there is reference to a history of a sexually transmitted disease, health issues and treatment, difficulties with his urinary tract, hemorrhoids, and multiple references to bullet fragments and a history of a gunshot wound. Plaintiff also testified regarding his crime of conviction and previous arrests in his deposition. These subjects are irrelevant, likely to unfairly prejudice Plaintiff, and should be precluded entirely or redacted appropriately from the medical records.

### C. Admissibility of Plaintiff's Living Situation Before and After the Use of Force

Before the incident at issue, Plaintiff lived on "A-Block" or "Honor Block," an area of Clinton Correctional Facility that comes with certain special privileges and is only available to inmates whose disciplinary records meet certain criteria. After the incident, Plaintiff was placed in a solitary housing unit and removed from Honor Block. This subject is relevant to the harms Plaintiff suffered as a result of the incident, and would not be offered as character evidence. To the extent Plaintiff does offer evidence on this subject, it is respectfully submitted that such evidence should not open the door to other character evidence, such as the matters discussed above.

Respectfully submitted,

Dated: October 4, 2021
Binghamton, NY

T. H. Bouman

Thomas H. Bouman, Esq.
COUGHLIN & GERHART, L.L.P.
*Attorneys for Plaintiffs*
P.O. Box 2039
Binghamton, NY 13902-2039
Tel.: 607-723-9511