UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARTIN DIGGS,

                                     Plaintiff,                  9:17-cv-736 (BKS/DJS)

v.

M. GUYNUP, et al.,

                                     Defendants.
_____

**Appearances:**

*Plaintiff, pro se:*
Martin Diggs
04-A-6734
Sing Sing Correctional Facility
354 Hunter Street
Ossining, New York 10562

*For Defendants:*
Letitia James
Attorney General of the State of New York
Lauren Eversley
Kostas D. Leris
Assistant Attorneys General, of counsel
The Capitol
Albany, New York 12224

**Hon. Brenda K. Sannes, United States District Judge:**

MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

      Plaintiff Martin Diggs brings this Section 1983 action against Defendants Michael Guynup, Christopher Dumar, Nick Seymour, Robbe Baer, Bradley Beeman, Edmund Ducharme, Michael Walantus, and Lawrence Mitchell, asserting claims for excessive force, failure to intervene, racial discrimination, and conspiracy against various combinations of Defendants.

(Dkt. No. 80 (amended complaint)). The case is set for trial on December 12, 2022. Presently before the Court are the parties' motions in limine. (Dkt. Nos. 103, 114).[1] The Court heard oral argument on the motions at a telephonic conference on August 8, 2022. For the following reasons, the parties' motions are granted in part and denied in part.

## II. DISCUSSION

### A. Criminal Convictions

Plaintiff moves to preclude Defendants from introducing evidence of his prior criminal convictions. (Dkt. No. 103, at 2–4). Plaintiff argues that the admissibility of his criminal convictions for impeachment purposes is governed by Federal Rule of Evidence 609(b) because they are more than ten years old, and that their probative value does not outweigh the prejudicial effect. (*Id.*). Defendants seek to be permitted to inquire into the essential facts of Plaintiff's felony convictions on cross-examination, arguing that admissibility of the criminal convictions is governed by Rule 609(a). (Dkt. No. 114, at 4–7; Dkt. No. 116, at 3–4).

Rule 609(a)(1) of the Federal Rules of Evidence provides that, in a civil case, "subject to Rule 403," evidence of a prior criminal conviction "must be admitted" to impeach a witness where the conviction was "for a crime that . . . was punishable . . . by imprisonment for more than one year." Fed. R. Evid. 609(a)(1)(A). "The Rule requires district courts to admit the name of a conviction, its date, and the sentence imposed unless the district court determines that the probative value of that evidence 'is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of

---

[1] The Court notes that Plaintiff was represented by pro bono counsel at the time his motion in limine was filed. Plaintiff is presently proceeding pro se and had the opportunity to respond to Defendants' submissions. Plaintiff's "reply to defendants' response in opposition to plaintiff's motion in limine" requests an order directing Defendants' counsel, the District Attorney's office, and "all Clinton C.F. Medical" personnel to "release all exculpatory evidence which would serve in plaintiff['s] favor in line with CPL 330 rules of evidence." (Dkt. No. 137, at 3). New York Criminal Procedure Law does not apply to this action, which is a federal Section 1983 action that Plaintiff initiated.

time, or needless presentation of cumulative evidence.'" *United States v. Estrada*, 430 F.3d 606, 620–21 (2d Cir. 2005) (quoting Fed. R. Evid. 403).

Here, Plaintiff's convictions appear to fall squarely within Rule 609(a)(1)(A). Plaintiff was convicted in 2004 of attempted murder in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, each of which is a felony and punishable by imprisonment for more than one year. (Dkt. No. 114, at 5); *see* N.Y. Penal Law §§ 110.05, 125.27, 265.02, 265.03. Plaintiff was sentenced to 25 years to life and is currently serving that sentence. (Dkt. No. 114, at 5). Although Plaintiff argues that Rule 609(b) applies to his convictions, the plain language of Rule 609(b) provides that it applies only "if more than 10 years have passed since the witness's conviction or release from confinement for it, *whichever is later*." Fed. R. Evid. 609(b) (emphasis added); *Espinosa v. McCabe*, No. 10-cv-497, 2014 WL 988832, at *4, 2014 U.S. Dist. LEXIS 31741, at *12 (N.D.N.Y. Mar. 12, 2014) ("[B]y its terms, Rule 609(b) provides that evidence of a crime is not excludable if the witness is still incarcerated for that crime." (citations omitted)). Because Plaintiff has not been released from confinement, Rule 609(a)(1)(A) applies.

Nevertheless, the Court must conduct the "balancing analysis under Rule 403." *Celestin v. Premo*, No. 12-cv-301, 2015 WL 5089687, at *2, 2015 U.S. Dist. LEXIS 113511, at *5 (N.D.N.Y. Aug. 27, 2015); *see also Estrada*, 430 F.3d at 615–16. While "Rule 609(a)(1) presumes that all felonies are at least somewhat probative of a witness's propensity to testify truthfully," acts of violence generally have limited probative value concerning a witness's credibility. *Estrada*, 430 F.3d at 617. And introducing into evidence the names of the convictions creates a danger of unfair prejudice in this case where the parties dispute who initiated the use of force because the jury might infer from Plaintiff's convictions for attempted murder and

3

weapons possession that Plaintiff has the propensity to engage in violent behavior. On the other hand, the Court notes the importance of impeachment evidence here, where Plaintiff's credibility is a central issue in this case: resolution of Plaintiff's claims will turn in large part on whether the jury credits Plaintiff's or Defendants' version of the underlying events. Having weighed all of these factors, the Court finds that the probative value of the fact that Plaintiff was convicted of three felonies in 2004 and sentenced to a term of twenty-five years to life is admissible and the probative value of that evidence is not substantially outweighed by Rule 403 concerns, but that the probative value of the names of the convictions is substantially outweighed by the danger of unfair prejudice. *See Crenshaw v. Herbert*, 409 F. App'x 428, 431–32 (2d Cir. 2011) (summary order) (finding no abuse of discretion in admitting evidence of prior robbery conviction in Section 1983 First Amendment retaliation and excessive force case because "[e]vidence of [the plaintiff's] prior robbery was probative of his veracity, a central issue in this case because the jury was required to choose between two contradictory versions of the underlying incident" (internal citation omitted)); *United States v. Brown*, 606 F. Supp. 2d 306, 312 (E.D.N.Y. 2009) ("[I]t is within the discretion of the district courts to . . . limit the evidence of the prior conviction to exclude the nature or statutory name of the offense."). Consequently, the fact that Plaintiff was convicted of three felonies in 2004, resulting in a sentence of twenty-five years to life, is admissible for impeachment under Rule 609(a).

Plaintiff also seeks to preclude the admission of evidence regarding witness Cal Williams's 2007 convictions for robbery and grand larceny, arguing that these crimes did not involve dishonesty. (Dkt. No. 103, at 4–5). Defendants respond that Mr. Williams's felony convictions of robbery and grand larceny are probative of his credibility. (Dkt. No. 116, at 5).[2]

---

[2] After the hearing, Defendants provided evidence that Mr. Williams was convicted in 2007 of one count of robbery in the first degree, two counts of robbery in the second degree, and one count of grand larceny in the third degree "not

4

Because Mr. Williams is presently incarcerated for those convictions, (Dkt. No. 103, at 4), their admissibility is also governed by Rule 609(a)(1)(A) and inquiry into their essential facts is presumptively required, *Estrada*, 430 F.3d at 616. The crime of larceny is a crime of theft which bears upon credibility, *id.* at 621, and the credibility of Mr. Williams, an alleged percipient witness, will play an important role in the jury's resolution of Plaintiff's claims. While robbery is also a theft crime, it requires the use of force and has "more of the characteristics of a crime of violence," which has less probative value on credibility. *United States v. Crumble*, No. 18-cr-32, 2018 WL 2016852, at *7–8, 2018 U.S. Dist. LEXIS 73410, at *22 (E.D.N.Y. May 1, 2018) (citation omitted). Also, any incremental probative value of impeachment with all three robbery convictions would be substantially outweighed by a danger of unfair prejudice. *See United States v. White*, No. 08-cr-682, 2009 WL 4730234, at *5–6, 2009 U.S. Dist. LEXIS 113154, at *17–18 (E.D.N.Y. Dec. 4, 2009) (noting that "the marginal probative value of each additional conviction might diminish as more as presented to the jury" and concluding that the prejudicial effect of the defendant's two prior convictions outweighed their impeachment value). Having considered the Rule 403 factors, the Court concludes that the probative value of the evidence of one of Mr. Williams's robbery convictions and his larceny conviction is not substantially outweighed by Rule 403 concerns. Defendants may therefore impeach Mr. Williams with the essential facts of his grand larceny conviction and one of his convictions for robbery.

### B.     Disciplinary History

Plaintiff seeks to preclude evidence of his "unrelated disciplinary matters," without further detail, arguing that such evidence is not admissible under Federal Rules of Evidence

---

auto," all of which are felonies. *See* N.Y. Penal Law §§ 155.35 (grand larceny in the third degree), 160.10, 160.15 (robbery in the first and second degrees). It is not clear from the records provided to the Court what sentence was imposed.

404(b) and 403. (*See* Dkt. No. 103, at 2–4). Defendants argue in their motion in limine that they should be permitted to question Plaintiff under Rule 608(b) regarding his disciplinary history, which includes disciplinary convictions for drug use, drug possession, and possession of a weapon. (Dkt. No. 114, at 7–8).

      Rule 608(b) "states that the court may, on cross-examination of a witness, allow inquiry as to specific instances of conduct, 'if they are probative of the character for truthfulness or untruthfulness of . . . the witness.'" *Tapp v. Tougas*, No. 05-cv-1479, 2018 WL 1918605, at *3, 2018 U.S. Dist. LEXIS 66743, at *9 (N.D.N.Y. Apr. 20, 2018) (quoting Fed. R. Evid. 608(b)). Extrinsic evidence is not admissible to prove these specific instances of conduct. Fed. R. Evid. 608(b). While Defendants argue that Plaintiff's disciplinary convictions involved "acts of deceit" and therefore are "probative of Plaintiff's veracity and truthfulness," (Dkt. No. 114, at 8), they do not explain how that is the case for Plaintiff's disciplinary conviction for drug use. *See Estrada*, 430 F.3d at 618 (noting that "[m]any drug crimes . . . may be less probative of veracity"). Plaintiff's disciplinary conviction for drug use from 2017 has no apparent probative value as to Plaintiff's character for truthfulness. Moreover, Plaintiff's 2006 disciplinary convictions for possessing drugs and possessing a weapon are almost 16 years old. (Dkt. No. 114-1, at 18). While Plaintiff appears to have been convicted of smuggling as well, in connection with each conviction, the age of these conviction greatly lessens any minimal probative value they have, and the Court therefore concludes that cross-examination into Plaintiff's 2006 disciplinary convictions for possession of drugs and possession of a weapon are precluded under Rule 403. *See United States v. Schwab*, 886 F.2d 509, 513 (2d Cir. 1989) (holding that the age of a prior instance of misconduct, eighteen years, was relevant in determining its admissibility).[3]

---

[3] After the hearing, Defendants also requested a ruling permitting them to cross-examine Mr. Williams regarding his disciplinary convictions for providing false information and smuggling. (Dkt. No. 139). However, Defendants have

6

### C. Unrelated Medical History

Plaintiff seeks to preclude or redact references in his medical records to medical information that is unrelated to the claims in this case, including "a history of a sexually transmitted disease, health issues and treatment, difficulties with his urinary tract, hemorrhoids, and multiple references to bullet fragments and a history of a gunshot wound," on the ground that such matters are irrelevant. (Dkt. No. 103, at 5). Defendants respond that they "do not intend to offer evidence of any unrelated medical treatment." (Dkt. No. 116, at 4). However, Defendants maintain that references to certain pre-existing injuries or treatment are relevant to Plaintiff's claimed damages in this case, including treatment he received for astigmatism in his eye. (*Id.*). The Court agrees that such evidence may be relevant to causation and damages, and does not read Plaintiff's motion as seeking to preclude such evidence. Furthermore, at the hearing, counsel for Defendants agreed that they will not elicit testimony regarding the source of metal lodged in Plaintiff's body requiring a metal permit to pass through metal detectors. The Court agrees with Plaintiff that the source or type of metal lodged in Plaintiff's body is irrelevant.

Given the above, the Court denies this portion of Plaintiff's motion in limine as moot.

### D. Plaintiff's Living Situation

Plaintiff seeks a ruling that evidence of his living situation before and after the July 16, 2014 incident is admissible to prove "harms Plaintiff suffered as a result of the incident." (Dkt. No. 103, at 5). Prior to the incident, Plaintiff lived on "A-Block" or "Honor Block," an area that "is only available to inmates whose disciplinary records meet certain criteria," while after the incident Plaintiff was "placed in solitary housing" and removed from Honor Block. (*Id.*).

---

not provided the misbehavior reports associated with these disciplinary convictions, which the Court needs to evaluate the admissibility of the convictions. Defendants may file a letter motion in limine on this issue, with supporting documentation, by September 9, 2022, and Plaintiff may file a response by September 30, 2022.

Defendants respond that (1) any damages resulting from Plaintiff's confinement in the special housing unit ("SHU") are not cognizable under Section 1983 because his disciplinary conviction has not been overturned, and (2) evidence that Plaintiff was previously housed in Honor Block is "improper character evidence." (Dkt. No. 116, at 6–7).

The Court concludes that Plaintiff's placement in SHU following the use of force incident is not relevant to damages that may be recovered for any of his remaining claims. First, Plaintiff's claims do not challenge the disciplinary hearing procedures, findings, or sanctions against him, including his confinement in SHU. Second, Plaintiff has not explained how the change in his housing status was proximately caused by Defendants' use of excessive force, failure to intervene, racial discrimination, or conspiracy. *See Delee v. Hannigan*, 729 F. App'x 25, 30 (2d Cir. 2018) (summary order) (noting that proximate cause is an element of a plaintiff's excessive force claim (citations omitted)); *Turner v. White*, 443 F. Supp. 2d 288, 296 (E.D.N.Y. 2005) ("[T]o establish his claim for damages under Section 1983, plaintiff must establish that defendants' actions were a proximate cause of plaintiff's alleged injuries."); *cf. Greenburger v. Roundtree*, No. 17-cv-3295, 2020 WL 6561598, at *6, 2020 U.S. Dist. LEXIS 8658, at *17–18 (S.D.N.Y. Jan. 16, 2020) (noting that "damages recoverable for loss of liberty . . . are separable from damages recoverable for such injuries as physical harm, embarrassment, or emotional suffering" (citation omitted)). Thus, evidence of Plaintiff's confinement to SHU following the incident is not admissible to prove damages.

However, the Court does not agree with Defendants that evidence that Plaintiff was housed in the Honor Block at the time of the incident is improper character evidence. (*See* Dkt. No. 116, at 6–7). Plaintiff's housing situation is not evidence of his "character or character trait." Fed. R. Evid. 404(a)(1). Moreover, evidence of Plaintiff's housing status may be probative to

8

issues the jury will need to decide, such as the reasonableness of the force used by Defendants. *Cf. Ramos v. Trifone*, No. 11-cv-679, 2015 WL 6509114, at *8–9, 2015 U.S. Dist. LEXIS 146305, at *25–26 (D. Conn. Oct. 28, 2015) (holding that evidence regarding the institution where the plaintiff was housed, including "its status as a maximum security facility," was relevant to the "objective reasonableness of defendant's conduct" at the time of the alleged use of excessive force). The Court will therefore allow Plaintiff to introduce evidence of his housing situation at the time of the incident.

### E. Limitation of Plaintiff's Testimony

Defendants request that the Court (1) instruct the jury that it is to find, "as a matter of fact and law, that Plaintiff initiated the use of force on July 16, 2014 at issue in this lawsuit, that [P]laintiff assaulted Corrections Officer Seymour, that he refused to comply with direct orders to stay on the wall and cooperate with a pat frisk, and that he refused to submit to a pat frisk"; (2) instruct the jury that it is to disregard any testimony to the contrary; and (3) limit the testimony of Plaintiff and any other witness accordingly. (Dkt. No. 114, at 8–12). Defendants argue that their request is justified in light of Plaintiff's being found guilty, after a Tier III disciplinary hearing, of violent conduct, creating a disturbance, assault on staff, refusing direct order, and refusing a search or frisk. (*Id.*; *see* Dkt. No. 114-1, at 5–7). Because Plaintiff lost four months of good-time credits, (*see* Dkt. No. 114-1, at 5, 18), Defendants argue that its requested limitations on testimony and jury instructions are warranted by *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Edwards v. Balisok*, 520 U.S. 641 (1997). (Dkt. No. 114, at 8–12).

*Heck* holds that a Section 1983 claim seeking damages is not cognizable if a judgment in favor of the plaintiff would "necessarily imply the invalidity" of the plaintiff's conviction or sentence, unless that conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . , or called into question by a federal

9

court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486–87. In *Edwards*, the Supreme Court extended *Heck*'s principle to a state prisoner's Section 1983 challenge to the validity of the procedures used to deprive him of good-time credits, thereby affecting the length of the plaintiff's confinement. *Edwards*, 520 U.S. at 646–48. Here, Defendants do not argue that any of Plaintiff's claims is barred by *Heck* and *Edwards*; they appear to recognize that, even if Plaintiff initiated the use of force incident on July 16, 2014, a jury could still find that excessive force was used after that initiation. (*See* Dkt. No. 114, at 9). Indeed, courts in this Circuit have routinely recognized that "an excessive force claim does not usually bear the requisite relationship under *Heck* to mandate its dismissal." *Smith v. Saunders*, No. 14-cv-440, 2017 WL 11358417, at *2, 2017 U.S. Dist. LEXIS 227032, at *4 (N.D.N.Y. Jan. 16, 2017) (citations omitted); *Adams v. O'Hara*, No. 16-cv-527, 2018 WL 5728040, at *7–8, 2018 U.S. Dist. LEXIS 124524, at *19–24 (N.D.N.Y. July 24, 2014) (finding that the plaintiff's excessive force claims and related failure to protect claims were not barred by *Heck*), *report-recommendation adopted by* 2018 WL 4590015, 2018 U.S. Dist. LEXIS 163944 (N.D.N.Y. Sept. 25, 2018). Thus, none of Plaintiff's claims is barred by *Heck* and *Edwards*. *Cf. Smith*, 2017 WL 11358417, at *4, 2017 U.S. Dist. LEXIS 227032, at *10 (finding that *Heck* did not bar excessive force claim where, "while Plaintiff's success *could* imply the invalidity of his sentence, it does not *necessarily* do so").

      Defendants nonetheless request that the Court instruct the jury that, as a matter of fact and law, Plaintiff initiated the July 16, 2014 use of force incident, that he assaulted Officer Seymour, that he refused to comply with direct orders to stay on the wall and cooperate with a pat frisk, and that he refused to cooperate with the pat frisk. (Dkt. No. 114, at 8–12). Defendants also seek an instruction that the jury should disregard any testimony to the contrary and an order limiting Plaintiff's testimony accordingly. (*Id.*). While it appears that the Second Circuit has not

10

explicitly addressed the issue, other courts have ruled that *Heck* "is not an evidentiary doctrine" and therefore "cannot bar evidence in a § 1983 action." *Hackworth v. Rangel*, 482 F. App'x 299 (9th Cir. 2012) (citing *Simpson v. Thomas*, 528 F.3d 685, 696 (9th Cir. 2008)); *Melton v. Murphy*, No. 05-cv-366, 2008 WL 2697333, at *2, 2008 U.S. Dist. LEXIS 52627, at *5 (E.D. Pa. Jul. 9, 2008). Given that the focus of *Heck* and related Supreme Court cases is on "whether a claim itself is viable, not whether evidence is admissible," *Simpson*, 528 F.3d at 695, the Court is inclined to agree.

To be sure, Defendants cite cases in which courts have suggested or ruled that *Heck* warrants limitations on testimony or limiting jury instructions. Defendants cite to a Second Circuit summary order, *Shapard v. Attea*, where the Court held that the plaintiff's excessive force claim was not barred by *Heck* even though he had pled guilty to assault in the second degree. 710 F. App'x 15, 17–18 (2d Cir. 2017).[4] The Second Circuit then stated that on remand the district court "may take appropriate steps to prevent [the plaintiff] from disputing the assault," including "limiting his testimony and instructing a jury that he assaulted [the officer]." *Id.* at 18 (citing *Gilbert v. Cook*, 512 F.3d 899, 902 (7th Cir. 2008)). The assault that the plaintiff in *Shapard* could not dispute was a state-court criminal judgment for assault, which had to be accorded full faith and credit. *See* 28 U.S.C. § 1738. The Court recognizes, however, that the *Shapard* panel cited a Seventh Circuit decision which held that a trial court "should have implemented *Heck* and *Edwards*" by instructing the jury that the plaintiff in a Section 1983 excessive force action was bound by a disciplinary finding that he punched an officer. *Gilbert*, 512 F.3d at 902.

---

[4] *Shapard*, a summary order, does not have precedential effect but nonetheless "constitute[s] valuable appellate guidance." *LBBW Luxemburg S.A. v. Wells Fargo Sec. LLC*, No. 12-cv-7311, 2015 WL 1433373, at *3 n.2, 2015 U.S. Dist. LEXIS 40604, at *8 n.2 (S.D.N.Y. Mar. 30, 2015) (citations omitted).

11

District courts in this Circuit have subsequently cited *Shapard* to limit or suggest limits of testimony at trial based on *Heck* and *Edwards*. *See Adams*, 2018 WL 5728040, at *8, 2018 U.S. Dist. LEXIS 124524, at *23 (noting at summary judgment that the defendants' concern that the plaintiff's "repeated denials that he assaulted any correctional officer and his insistence that the defendants' use of force was unprovoked necessarily imply the invalidity of findings in the disciplinary hearing" could be addressed at trial "by limiting plaintiff's testimony and giving appropriate jury instructions" (citing *Shapard* and *Gilbert*)); *Balkum v. Leonard*, No. 14-cv-6352, 2020 WL 372914, at *2–3, 2020 U.S. Dist. LEXIS 11509, at *3–8 (W.D.N.Y. Jan. 23, 2020) (granting motion in limine to, inter alia, prohibit the plaintiff from testifying that the defendants were the initial aggressors to "protect against any potential violation of *Heck* or *Edwards*").

Here, however, even if *Heck* and *Edwards* do operate as an evidentiary doctrine, the record before the Court at this time does not warrant the relief Defendants seek. The disposition of Plaintiff's disciplinary hearing does not indicate what factual findings the hearing officer made that resulted in the convictions for "violent conduct," "creating a disturbance," "assault on staff," "refusing direct order," or "refuse search or frisk." (Dkt. No. 114-1, at 5–7). On this point, *Balkum* is distinguishable: there, the "determination of guilt" at the plaintiff's disciplinary hearing was "expressly based on a finding that Plaintiff was the initial aggressor" in the use of force incident. 2020 WL 372914, at *1, 2020 U.S. Dist. LEXIS 11509, at *2; *see also Gilbert*, 512 F.3d at 902 ("implement[ing] *Heck* and *Edwards*" to prison disciplinary board's finding that plaintiff punched a guard while his arm was through a chuckhole). The Court will not speculate as to the hearing officer's findings or which of Plaintiff's factual allegations would necessarily

impugn the validity of the sentence revoking good-time credits. This portion of Defendants' motion is therefore denied.

      **F.**     **References to Indemnification**

Defendants seek to preclude Plaintiff from making any reference to Defendants' indemnification or potential indemnification by the state in this action. (Dkt. No. 114, at 12–13). Defendants state that it has not yet been determined whether the Defendants will or will not be indemnified and argue that any suggestion that the state would pay any judgment would be prejudicial. (*Id.*). Plaintiff did not respond to this portion of Defendants' motion. The Court agrees with Defendants that evidence of indemnification or potential indemnification is not relevant and may be unfairly prejudicial. *See Fox v. Triborough Bridge & Tunnel Auth.*, No. 17-cv-4143, 2019 WL 5842792, at *4, 2019 U.S. Dist. LEXIS 193946, at *10–11 (E.D.N.Y. Nov. 7, 2019) (collecting cases). Plaintiff therefore may not make any reference to or introduce any evidence regarding any potential indemnification of the individual Defendants by the state.

      **G.**     **Previously Dismissed Claims**

Defendants seek to preclude Plaintiff from introducing any evidence relating to his claims "that have been dismissed in this case." (Dkt. No. 114, at 13). They request that any documents Plaintiff seeks to admit which might include information relating to such claims, such as the complaint, be appropriately redacted. (*Id.*). Plaintiff did not respond to this portion of Defendants' motion.

Plaintiff's exhibit list does not appear to contain any document which might contain information relating to claims that have been dismissed. In any event, the Court agrees with Defendant that evidence relating solely to previously dismissed claims is irrelevant to the issues remaining for trial and is therefore inadmissible. *See Hannah v. Wal-Mart Stores, Inc.*, No. 12-cv-1361, 2017 WL 690179, at *2, 2017 U.S. Dist. LEXIS 23681, at *5–6 (D. Conn. Feb. 21,

2017) ("Where claims have been dismissed . . . it is generally appropriate to preclude testimony or evidence regarding those same previously dismissed claims during a jury trial." (collecting cases)).

### III.   CONCLUSION

For these reasons, it is hereby

**ORDERED** that Plaintiff's motion in limine (Dkt. No. 103) and Defendants' motion in limine (Dkt. No. 114) are **GRANTED in part** and **DENIED in part** as set forth above.

**IT IS SO ORDERED.**

Dated: August 15, 2022
Syracuse, New York

Brenda K. Sannes
U.S. District Judge